IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:24-CR-398 (BKS) |
| | ) | |
| **v.** | ) | **Government Sentencing Memorandum** |
| | ) | |
| **WILLIAM SENECA, SR.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**I.    Introduction**

The defendant is scheduled for sentencing on February 13, 2025, following his guilty plea pursuant to Rule 11(c)(1)(A) to Counts 1 (Sexual Exploitation of a Child) and 12 (Distribution of Child Pornography) of a twelve-count indictment. The government agrees with the facts, criminal history score, statutory sentencing parameters, and guidelines calculations in the PSR. *See* Dkt. 25.

**II.   Government Sentencing Recommendation**

But for changes in technology concerning victim identification in child sexual abuse material and an especially courageous (now adult) victim, the defendant almost certainly would have avoided punishment for his extensive hands-on abuse and creation and distribution of child sexual abuse material approximately two decades ago. The defendant's offense conduct is significantly exacerbated by the reports of several other now adult victims who disclosed hands on sexual abuse by the defendant during the same general period, which disclosures were generally corroborated by defendant's admissions in chats with an undercover investigator posing as the victim. *See* PSR (dkt. 25) ¶ 58.

Nor, as the PSR reflects, has the passage of time changed the defendant's sexual desires and interest in engaging in sexual abuse of children. *Id.* ¶ 28 (defendant chatting with undercover

investigator posing as victim and discussing desire to "relive the old days" and "[m]aybe find you a pretween to play with."). Indeed, the defendant went so far in his pre-arrest interaction with an undercover to have identified a child in the park across the street, took pictures of the child, implied that he would make a good target for sexual abuse, and suggested that the now adult victim "cum hang on the porch so we can perv together." *Id.*

The 18 U.S.C. § 3553(a) factors support a guideline sentence here to reflect the seriousness of the offense conduct and provide adequate general deterrence for sexual exploitation of children. Potential offenders should know that they will not escape lengthy punishment (including an effective life sentence) simply because their crimes come to light years after they are committed, and substantial sentences constituting effective life terms often are warranted for especially heinous child sex crimes. *See United States v. Hamilton*, 548 F. App'x 728, 730 (2d Cir. 2013) ("[T]he sentence imposed on [the defendant] . . . is simply equivalent to a life sentence. Insofar as [the defendant] argues that such lengthy sentences should be 'reserved [for] intentional murder,' we find such an argument unavailing. Nor are we persuaded that a life sentence in the case at bar overstates the "seriousness of the offense," *see* 18 U.S.C. § 3553(a)(2)(A), given [the defendant]'s role in producing graphic child pornography by filming himself sexually abusing children as young as four years old."); *United States v. Joubert*, 778 F.3d 247, 257 (1st Cir. 2015).

As the First Circuit put aptly in *United States v. Joubert*, 778 F.3d 247, 257 (1st Cir. 2015), in affirming a 480-month sentence for a 60-year-old defendant in a child exploitation case:

> [T]he fact that a 480–month sentence is just as much a life term for 60–year–old [defendant] as a 960–month sentence does nothing to establish that [the defendant]'s 480–month sentence was substantively unreasonable. <u>The sentencing of a defendant involves</u>

> more considerations than simply the effect of that sentence on the defendant. *See* 18 U.S.C. § 3553(a)(2). The district court may consider the perception and effect that the punishment may have on the general public, even if for the defendant, the practical effect is minimal or non-existent. *See, e.g., United States v. Politano*, 522 F.3d 69, 74 (1st Cir.2008). Noting the "compulsive" nature of Joubert's behavior, the district court purposefully fashioned the sentence so that [the defendant] would never again have contact with young boys. That certainly is a plausible rationale for a defensible result. *See* [*United States v.*] *Martin*, 520 F.3d [87,] 96 [(1st Cir. 2008)]. We thus find that the district court did not abuse its discretion in sentencing Joubert to 480 months.

*Id.* (emphasis added). Here, the seriousness of the defendant's conduct, the need to protect the public from the defendant's criminal conduct, and general deterrence all support a guideline sentence.[1]

                                CARLA B. FREEDMAN
                                United States Attorney

                                */s Michael D. Gadarian*
By:   _____
                                Michael D. Gadarian
                                Assistant United States Attorney
                                Bar Roll No. 517198

---

[1] The government reserves the right to respond to any defense arguments presented after the filing of this memorandum.