UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -v-

WILLIAM SENECA,

        Defendant.

CASE NO. 5:24-CR-00398 (BKS)

## SENTENCING MEMORANDUM

DATED: January 23, 2025

Respectfully submitted,

LISA A. PEEBLES
Federal Public Defender

By:

Gabriela E. Wolfe, Esq.
Assistant Federal Public Defender
Bar Roll No. 705406
Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
(315) 701-0080

I.    **PRELIMINARY STATEMENT**

On October 18, 2024, the defendant William Seneca ("William") pled guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. §2251(a), and one count of distribution of child pornography in violation of 18 U.S.C. §2252A(a)(2)(A) & (b)(1).

On January 7, 2025, the United States Probation Department filed a Presentence Investigation Report ("PSR"). The PSR sets forth a Criminal History Category of I and Adjusted Offense Level of 43. PSR¶¶ 53, 57.

II.   **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE**

In pleading guilty, William acknowledged his guilt and accepted responsibility for his actions. At no point has he minimized his actions or attempted to shift blame. Indeed, in his statement to Probation, William wrote that he is "very sorry for what [he did]," and that there was "no excuse or explanation" to give. PSR ¶ 37.

III.  **WILLIAM'S HISTORY AND CHARACTERISTICS**

As early as 10 years old, William's father and older brother, Thomas, were sexually abusing him on a regular basis. PSR ¶ 64. William recalls one instance in which his brother tried to forcibly sodomize him, and William ran to the bathroom to escape, cowering there for hours. And far from being the only victim in the household, his sisters were also routinely sexually abused by their father and Thomas. Not long after the intra-family abuse began, William was also sexually abused by a neighbor, Joseph Contrera, who was later convicted of sexual abuse in 1992. *See* Megan Coleman, *Auburn Sex Offender Sentenced on Firearms Charges*, CNY CENTRAL NEWS, https://cnycentral.com/news/local/auburn-sex-offender-sentenced-on-firearms-charges. Around the same time, William's older cousin would abuse him whenever William's family would visit his cousin's family home. Adding to this shocking amount of sexual abuse,

William was raised by a mother who was sexually abused herself in childhood. Surrounded on all sides by victims and sexual predators alike, William's concept of sexuality was warped, and continues to be, right from the beginning. *See e.g.* PSR ¶ 64 [describing his family as "good, normal, (and) stable" immediately before sharing its long history of rampant child sexual abuse]. It is no wonder that William's substance abuse issues began early and persisted until his arrest on the recent offenses. PSR ¶ 64, 66, 74-75.

Despite the horrific abuse William suffered and witnessed at the hands of the men of his childhood, William ended the cycle of familial sexual abuse. His son, William Seneca, Jr., reported that he was "shock[ed]" when he learned of the charges against his father, as he always knew him to be "a kind and loving man." PSR ¶ 69. William was always "supportive" of his children and provided for his family inasmuch as he was "gainfully employed throughout most of his life." PSR ¶ 121. William also served his country as a member of the Armed Forces during a period in which the United States was involved in several international conflicts and was honorably discharged after 6 years. PSR ¶ 79-80.

**IV.   A SENTENCE OF 360 MONTHS WOULD SATISFY THE GOALS OF USSG AND FULFILL THE COURT'S OBLIGATION TO CONSIDER THE 18 U.S.C. 3553(A) FACTORS**

Paragraph 124 of the PSR reveals that the average sentence for all 824 defendants with the exact same offense level and Criminal History Category as William and who were sentenced in the last 5 years, was 348 months, or 29 years, in prison. While Probation attempts to downplay the significance of these statistics in the paragraphs following, it does so with no regard to the Commission's stated purpose and, even goes so far as to assert that the sentencing data, which is pulled directly from the Commission's own database, does not "represent the Commission's

official position on any issue." PSR ¶ 125; *see* United States Sentencing Commission, About the Commission, https://www.ussc.gov/.

In any event, in determining a sentence, a court must equally consider the guideline calculations, the unique characteristics of the defendant, and the following specific other statutory concerns:

> (2) the need for the sentence imposed –
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

The defense submits that these considerations, discussed above, warrant the imposition of a 360-month sentence.

## V. CONCLUSION

Based on the foregoing, the Defense respectfully requests that the Court impose a sentence of 360 months. William understands the severity of his actions and has accepted the fact that he will likely spend the rest of his life in prison. If William, who is 65 years old, did somehow manage to survive 30 years of federal incarceration, he would be 94 years old upon release and surely would have paid his debt to society.

## VII. DESIGNATION

We ask that the Court recommend designating a prison close to home in Solvay, New York, so that his family and friends can visit him.

DATED:  January 23, 2025                    LISA A. PEEBLES
                                            FEDERAL PUBLIC DEFENDER

                                            By: *s/ Gabriela E. Wolfe, Esq.*
                                            Assistant Federal Public Defender
                                            Bar Roll No. 705406
                                            Clinton Exchange, 3rd Floor
                                            4 Clinton Street
                                            Syracuse, New York 13202
                                            (315) 701-0080


TO:    Michael Gadarian, AUSA (via CM/ECF)